UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CIVIL SERVANT 1, CIVIL SERVANT 2, CIVIL SERVANT 3, CIVIL SERVANT 4, CIVIL SERVANT 5,**<br><br>Plaintiffs,<br><br>v.<br><br>**OFFICE OF SPECIAL COUNSEL,** *et al.*,<br><br>Defendants. | Civil Action No. 25-3107 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Civil Servants 1–5 are former federal employees whose jobs were "terminated during their probationary periods as part of the Administration's mass firings in February 2025." ECF No. 1 (Compl.), ¶ 118.  They each filed a prohibited personnel practice (PPP) complaint with the Office of Special Counsel, only for the agency to summarily close each of their cases because they were probationary employees.  Id., ¶¶ 125–27.  Plaintiffs now bring this lawsuit alleging that OSC unlawfully closed thousands of probationary-employee complaints without considering their individual merits, undermining the workplace protections once afforded to probationary workers and violating the Administrative Procedure Act.  Id., ¶ 13.  They also now move to proceed pseudonymously, contending that public disclosure of their identities could subject them to long-term career harm and retaliation from the public and the government.  See ECF Nos. 5 (Mot.); 5-1 (Mem. in Support of Mot.).  The Court will deny the Motion.

1

I.  **Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1), 11.1. That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;

(3) the ages of the persons whose privacy interests are sought to be protected;

(4) whether the action is against a governmental or private party; and relatedly,

(5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

II.  **Analysis**

Plaintiffs have failed to meet their burden to show that their privacy interests outweigh the public's presumptive and substantial interest in learning their identities.

To begin, the Court finds that Plaintiffs' privacy interests do not implicate "a matter of a sensitive and highly personal nature." Id. at 326 (cleaned up). Plaintiffs contend that being "publicly linked to litigation" challenging the current administration "could have long[-]term consequences" for their careers. See Mem. in Support of Mot. at 5. Certainly, when a plaintiff points to concrete career harms that would result from the disclosure of her identity, this factor favors pseudonymity. For instance, the Court granted pseudonymity for a doctor who was accused of misconduct that, if disclosed, would have prevented her from practicing. Doe v. Lieberman, 2020 WL 13260569, at *3 (D.D.C. Aug. 5, 2020). But when identification poses only a speculative professional risk, this factor cuts against pseudonymity. Doe v. FDA, No. 23-1389, ECF No. 7 (FDA Op.) at 4 (D.D.C. May 19, 2023); Doe v. DOJ, No. 23-1467, ECF No. 6 (DOJ Op.) at 3–4 (D.D.C. June 1, 2023). Plaintiffs' arguments, which identify neither concrete career consequences nor specific job prospects at risk of harm, do not rise to the occasion. The fact that disclosure means Plaintiffs "could be deemed litigious" or that future employers "may treat Plaintiffs' association with this litigation as a red flag" is not sufficient to allege a substantial privacy interest. See Mem. in Support of Mot. at 6. The first factor therefore weighs against pseudonymity.

Next, the Court considers "whether identification poses a risk of retaliatory physical or mental harm." In re Sealed Case, 971 F.3d at 326. Plaintiffs assert that they could face harassment and retaliation "by members of the public or political actors" given the politically charged nature of their lawsuit. See Mem. in Support of Mot. at 6. To support this contention, they cite instances of federal employees being terminated or put on administrative leave for expressing their opposition to the Administration. Id. at 7. But those examples all feature individuals who were federal employees at the time they opposed the Administration, rather than

terminated employees, and the retaliation they faced happened primarily with regards to their employment. It is not clear what analogous harm can be extrapolated from those examples to Plaintiffs, who are not currently employed by the government and thus face no risk of being put on leave or fired. The other consequences Plaintiffs discuss, such as private-sector firms being unwilling to hire someone "publicly known to have sued OSC and the Administration," id. at 7–8, are more clearly applicable, but as explained under the first factor, this concern is undercut by the generalized nature of the career harm alleged. For this reason, the Court finds that the second factor weighs against pseudonymity.

As Plaintiffs concede, moreover, the third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) — weighs against pseudonymity because none of the Plaintiffs is a minor. See Mem. in Support of Mot. at 8–9.

When plaintiffs sue the government, which way the fourth factor cuts depends on the relief that they seek. If they request programmatic relief that would "alter the operation of public law both as applied to [them] and, by virtue of the legal arguments presented, to other parties going forward," then the "public interest" in their case "is intensified" and this factor cuts against pseudonymity. In re Sealed Case, 971 F.3d at 329. On the other hand, if plaintiffs seek only individualized relief — say, a judgment that their visas were improperly delayed or that they were unlawfully denied government benefits — then this factor favors pseudonymity. Doe v. Blinken, No. 24-1629, ECF No. 3 (Blinken Op.) at 5 (D.D.C. June 11, 2024).

Here, Plaintiffs seek vacatur of the Probationary Directive and an order that OSC reopen the thousands of probationary-employee complaints it closed, which amounts to programmatic relief. See Compl. at 39–40. Any ruling in their favor would "alter the operation of public law

4

both as applied to [them] and, by virtue of the legal arguments presented, to" all those whose complaints were disposed of by OSC pursuant to the Probationary Directive. In re Sealed Case, 971 F.3d at 329. And while programmatic relief need not be fatal to a motion for pseudonymity, this case does not present the "truly exceptional circumstances" that overcome the presumption against pseudonymity for programmatic relief. See Doe v. Hill, 141 F.4th 291, 300 (D.C. Cir. 2025) ("[T]hose who seek to alter public law by using the federal courts must, in all but truly exceptional cases, reveal their identity.") (citation omitted).

Finally, the last factor asks whether letting Plaintiffs proceed pseudonymously would prejudice Defendant. Plaintiffs say that it would not, since their identities have "no bearing on Defendants' ability to address the legal issues presented by the Complaint." Mem. in Support of Mot. at 11. Even if that were true, the overall balance still weighs against granting their Motion to proceed under pseudonyms.

The Court accordingly ORDERS that:

1. Plaintiffs' [5] Motion to Proceed Pseudonymously is DENIED;

2. Within fourteen days of the Court's Order, Plaintiffs shall file a Notice advising the Clerk of the Court whether they wish to proceed with filing their Complaint on the public docket using their real names, and, if so, they shall also file their [5] Motion on the public docket as an appendix to the Notice; and

3. If Plaintiffs do not file such Notice within fourteen days, the Clerk is directed to terminate the case.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: October 6, 2025